[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15891
Non-Argument Calendar

_____

D. C. Docket No. 04-02786-CV-ODE-1

FREDERICK BROWN,

Plaintiff-Appellant,

versus

RAYMOND HEAD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 20, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Frederick Brown, a state prisoner, appeals the district court's grant of

summary judgment in favor of the defendant, Raymond Head, and the dismissal as moot of his motion for a temporary restraining order ("TRO") and preliminary injunction regarding his 42 U.S.C. § 1983 suit, in which he alleges that Head, as the Manager of Inmate Affairs and Appeals for the Georgia Department of Corrections, violated his Eighth Amendment rights by refusing his request that he be placed in a space free of environmental tobacco smoke ("ETS").

The district court concluded that, even assuming Brown had created a dispute as to whether Dooly State Prison's ("Dooly") no-smoking policy was being enforced, Brown failed to show any evidence of Head's personal involvement in the matter, thus foreclosing his § 1983 claim. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (supervisory officials are not liable under § 1983 for the acts of their subordinates on the basis of respondeat superior or vicarious liability). Brown argues that the district court erred "in misrepresenting [his] complaint as [a suit] based on vicarious liability." Brown claims that Head directly denied his request for prescribed medical treatment (a smoke-free environment). He further alleges that Head carried out a policy or custom of treating all ETS complaints alike, regardless of medical need, and that these actions violated Brown's constitutional rights. Brown also argues that the district court erred in denying him injunctive relief because he has sufficiently demonstrated he has a

2

number of medical conditions that require a smoke-free environment, and Head has the authority to order prison officials to place him in a smoke-free environment.

We review the district court's grant of a motion for summary judgment de novo, applying the same legal standards as the district court. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1279 (11th Cir. 2004). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). First, a plaintiff must show an objectively serious medical need. *Id*. "Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id*. A medical need is serious when it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would

3

easily recognize the necessity for a doctor's attention." *Id*. (quotation omitted). Deliberate indifference may be evidenced by the intentional interference of a prison official with medical treatment once it is prescribed. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

Here, Brown does not allege liability based on vicarious liability or respondeat superior. Instead, he alleges that Head was deliberately indifferent for denying Brown's appeal in a grievance proceeding. The record, however, shows that Head's staff investigated Brown's grievance and responded accordingly. The lack of enforcement of the existing smoking policy at best shows mere negligence and is insufficient to demonstrate deliberate indifference. *Farrow*, 320 F.3d at 1243; *see also Kelley v. Hicks*, 400 F.3d 1282, 1285 (11th Cir. 2005) (per curiam). Because we affirm the district court's grant of summary judgment, we likewise affirm its denial of Brown's motion for a TRO and preliminary injunction.

**AFFIRMED.**

4